UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA


UNITED STATES OF AMERICA )
)      No. 1:10-cr-12/1:11-cv-74
v. )      *Judge Mattice*
)
FRANCIS MARION WEST )
)
    *a.k.a.* FRANCES M. WEST; )
    NOKIE, NOKKIE,NOKE, and )
    FRANCES EUGENE WEST, )


## MEMORANDUM

This matter is before the Court on a motion filed pursuant to Rule 60(b)(4) of the

Federal Rules of Civil Procedure by Defendant Francis Marion West ("Defendant")

(Criminal Doc. 38).[1]  West's motion is confusing as it requests the Court to enter an

order voiding the judgment rendered in his original sentencing hearing on October 25,

2010, and "in the decision relating to a § 2255 habeas petition filed on March 29, 2011"

(Criminal Doc. 38).  When West filed this motion, however, his § 2255 motion was

pending and no decision had been rendered.  Nevertheless, as explained below, even if

a judgment had been rendered in his § 2255 proceeding, relief would not be warranted.

The Court will begin with West's request to enter an order voiding his criminal

judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure (Criminal

Doc. 38).  Rule 60(b)(4) is a Federal Rule of Civil Procedure which permits relief from a

---

[1]    Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

final judgment, order, or proceeding when the judgment is void in a civil case. The Rule 60(b)(4) motion must be filed "within a reasonable time[.]" Fed. R. Civ.P. 60(c)(1).

In the wake of *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), which held that any fact that increases a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt, federal prisoner West filed a *pro se* motion on September 12, 2013, captioned "Motion Under Rule 60(b)(4)—Void Judgment For Relief From A Final Judgment, Order or Proceeding."

West's request for relief from his criminal judgment of conviction is frivolous. West cannot use Fed. R. Civ. P. 60(b) to seek relief from the final judgment of conviction in his criminal case as "Fed. R. Civ. P. 60(b) does not apply in criminal proceedings." *United States v. Bender,* 96 Fed. Appx. 344 (6th Cir. April 26, 2004), *available at* 2004 WL 898721, at *1 (citing *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003). Accordingly, Rule 60(b)(4) of the Federal Rules of Civil Procedure offers West no relief from his criminal judgment of conviction and sentence.

In this motion, West also requests the Court to void the judgment entered in his § 2255 proceeding even though the § 2255 motion was pending at the time West filed the instant motion and there was no judgment at that time. Although the Court recognizes that Fed. R. Civ. P. 60(b) has some limited use in § 2255 proceedings, the Court had not rendered a decision in his § 2255 proceeding when the instant motion was filed, thus no relief is warranted.

Moreover, *Alleyne* offers West no relief because, as the Sixth Circuit explained in *United States v. Keglar,* 535 Fed. Appx. 494 (6th Cir. 2013), although "the Supreme Court held that any fact that increases the mandatory minimum is an element that must

2

be submitted to the jury, . . . the Supreme Court specifically declined to disturb the narrow exception for the fact of a prior conviction established by *Almendarez-Torres [v. United States,* 523 U.S. 224 (1998) ("a judge is permitted to find, based on the preponderance of the evidence, the fact of a prior conviction."])" *United States v. Keglar,* 535 Fed. Appx. at 495 (internal punctuation omitted); *see also Love v. United States,* ___ Fed. Appx. ___, 2014 WL 128173 n. 1(6th Cir. Jan. 15, 2014) ("This claim fails because *Alleyne . . .* did not change the longstanding rule that a judge may, without submitting the issue to a jury, increase a defendant's sentence based on a prior conviction because the fact of a prior conviction is excepted from the jury requirement.")

In addition, *Alleyne* is not retroactively applicable to cases on collateral review. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (concluding *Alleyne* establishes a new rule of constitutional rule but concluding *Alleyne* is an extension of *Apprendi* and *Apprendi*-based rules have not been held to be retroactive); *United States v. Stewart*, 2013 WL 5397401, *1 N.1 (4th Cir. Sept. 27, 2013) (noting that "*Alleyne* has not been made retroactively applicable to cases on collateral review."); *In re Payne*, ___ F.3d ___, 2013 WL 5200425 (10th Cir. 2013) (finding *Alleyne* set forth new rule of constitutional law but the new rule provides no basis to authorize second or successive motion to vacate); *Munguia v. United States*, 2013 WL 5306192, *17 (E.D. Tenn. Sept. 20, 2013) (finding the new rule announced in *Alleyne* is not retroactively applicable to cases on collateral review). Consequently, *Alleyne* offers West no relief on collateral review.

Accordingly, West's motion for relief under Fed. R. Civ. P. 60(b) will be **DENIED**. The Court does not have the authority under civil Rule 60(b) to grant West relief from

the final judgment of conviction and sentence in his underlying federal criminal case or grant him relief pursuant to *Alleyne* on collateral review.

A separate Order will enter.

_/s/ Harry S. Mattice, Jr._
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE